United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE BROBECK, PHLEGER & HARRISON LLP,<br><br>        Debtor.<br>_____/<br>RONALD F. GREENSPAN, Chapter 7 Trustee for Brobeck, Phleger & Harrison LLP,<br><br>        Plaintiff,<br>  v.<br>PAUL HASTINGS LLP ET AL.,<br><br>        Defendants.<br>_____/ | No. CV 12-5305 CRB<br><br>**ORDER DENYING MOTION FOR PARTIAL WITHDRAWAL OF THE REFERENCE** |

    Defendant Paul Hastings LLP moves under 28 U.S.C. § 157(d) for partial withdrawal of the reference of this case to the Bankruptcy Court. Mot. (dkt. 1-1) at 4. Paul Hastings wants this Court to resolve its motion for judgment on the pleadings either (1) in the first instance or (2) after referring the matter to the Bankruptcy Court for a proposed decision. Id.

    This request is familiar, because in all relevant respects Paul Hastings already made it and this Court already rejected it. See Order Denying Motion to Withdraw the Reference, Greenspan v. Paul, Hastings, Janofsky & Walker LLP, No. 12-CV-1148-CRB, dkt. 28. In the previous motion, Paul Hastings urged that withdrawal–or "at least partial withdrawal"–would allow this Court to "decide several potentially dispositive legal issues," which it explained were central to its "theory of the case" regarding "who owns clients'

business under California law." Mot. at 1-5.  Paul Hastings specifically identified the question of "whether expected future profits can be 'property' at all" as the critical issue.  Id. at 4.  It further argued, citing a case out of the Southern District of New York, that the Bankruptcy Court had no special expertise concerning those legal issues and that prompt resolution in Paul Hastings' favor could resolve the case with great efficiency.  Id.

This Court denied that motion, explicitly acknowledging Paul Hastings' request that the Court decide "who owns clients' business under California law."  Order at 5.  The Court incorporated its reasoning from an order denying a similar request in In re Heller Ehrman LLP, No. 11-4848-CRB, where this Court analyzed the relevant factors (judicial economy, delays and costs, uniformity of bankruptcy administration, and the prevention of forum shopping) and concluded that withdrawal was not warranted.  Id. at 6 (incorporating Memorandum and Order Denying Motion to Withdraw the Reference, In re Heller, dkt. 20).

Paul Hastings now repeats the same arguments, identifying only two arguably "new" pieces of information that might alter the analysis.  First, Paul Hastings considers the decision in Geron v. Robinson & Cole LLP ("Thelen"), 476 B.R. 732 (S.D.N.Y. 2012), to be a "key recent development" warranting what is in substance the instant motion for reconsideration; but that non-binding decision turned on New York law and did not purport to analyze whether the district court should withdraw a reference to the Bankruptcy Court. That it also, in *dicta*, agreed with Paul Hastings' position on the California property issue in Paul Hastings' motion for judgment on the pleadings does not alter this Court's conclusions regarding withdrawal of the reference in this case.

The other twist on Paul Hastings' old motion is its suggestion that, instead of ruling on the motion in the first instance, this Court should withdraw the reference but then refer the motion back to the Bankruptcy Court for a proposed decision before this Court issues its ruling.  Paul Hastings' desire to avoid a situation where it loses the motion in the Bankruptcy Court and has to proceed with the remainder of the litigation before this Court's *de novo* review is certainly understandable, but the Court did not overlook that possibility in its previous order; indeed, the Court explicitly adopted its reasoning from the Heller order,

which declined to withdraw the reference after considering potential costs and delays of keeping the case in the Bankruptcy Court and acknowledging that a "dispositive motion[] might be denied" by the Bankruptcy Court.  <u>Heller</u> Order at 14.

    Nothing relevant has changed; Paul Hastings has not identified any material difference in law or fact, nor the emergence of new law or facts, nor any "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court" in the previous motion making the same arguments.  N.D. Cal. Local R. 7-9 (governing motions for reconsideration).  Accordingly, the Court DENIES the motion for reconsideration styled as a motion for partial withdrawal of the reference.

**IT IS SO ORDERED.**

Dated: December 12, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE